IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS          :    Consolidated Under
LIABILITY LITIGATION (No. IV)      :    MDL DOCKET NO. 875
                                              :

SUNSOON DOUCET     **FILED**   :    E.D. PA Civil Action No.
                                      :    11-cv-67223
       v.          JUN 1 4 2012   :

                      MICHAEL E. KUNZ, Clerk   Transferor Court:
ASBESTOS CORPORATION LTD, et al By_____ Dep. Clerk   CA-C 11-05845

**M E M O R A N D U M**

M. Faith Angell                                     June 13, 2012
United States Magistrate Judge

This case was transferred to the MDL from the United States District Court for the Central District of California. Plaintiff alleges that her late husband, Richard Doucet, developed lung cancer as a result of his exposure to asbestos-containing products sold, supplied, manufactured, and/or distributed by the defendants. Mr. Doucet passed away during the pendency of this litigation, prior to being deposed. Plaintiff asserts that Mr. Doucet "was exposed to defendants' asbestos products throughout his lifetime." *See Plaintiff's Opposition to GE's Motion to Quash Deposition Notice and Motion for Protective Order* [Docket #89] at p. 2.

Currently before this Court are various motions related to twelve Rule 30(b)(6) deposition notices served by Plaintiff on February 23, 2012. The deposition notices were addressed to different Defendants, and all twelve scheduled depositions to occur on the same date at the same time, March 8, 2012 at 9:00 a.m., at the law firm of Plaintiff's Counsel. The twelve notices were identical, all seeking testimony from the person most knowledgeable to testify on the defendant's behalf on the following subjects:

"Your supply, sale, or distribution of any products to or for any of decedent Richard Doucet's worksites identified on attached Exhibit A at any time between 1946 and 1979, inclusive, and the asbestos fiber type in any of those products. The purpose of this

Page **3** of **11**

category is to ensure the production of a witness qualified to testify to the defendant's products at decedent's worksites."

"Your knowledge of health hazards associated with exposure to asbestos before 1979, including membership in any trade organizations (such as the NSC or IHF) or worker's compensation claims of asbestos exposure before 1979 and the actions You took, if any, before 1979 to eliminate, reduce or let anyone know anywhere about health hazard from asbestos exposure.  The purpose of this category is to ensure production of a witness qualified to testify to the existence or non-existence of Your knowledge of information that persons could be harmed by asbestos and any efforts by You to warn about or avoid asbestos hazards for any of decedent Richard Doucet's worksites identified on attached Exhibit A at any time before 1979 and whether there were other such efforts by you where You did something different internally (warning Your employees) or externally (consumers or worksites other than for decedent) to reduce the chance of asbestos injury."

*Plaintiff's Motion to Compel Deposition Testimony Under Rule 30(b)(6)* [Docket #92] at pp. 3-5.

Exhibit A listed the following as locations of asbestos exposure: USS Charleston while at

the Massachusetts Maritime Academy from 1951-1954; Marcus Hook Sun Oil facility from

September – December 1954; USS Los Angeles from January 1955-June 1957; and US Navy,

specifically "Seven cruises aboard various aircraft carriers in and around maintenance on aircraft,

including T-28, T-34, A1 Skyraider, Douglas Skyhawk A4, F9F Cougar and 'the Bug Smasher'

aircraft, including aboard the USS Independence, USS Bon Homme Richard, USS Oriskany, USS

Hancock, USS Ranger and USS Constellation." *Id.* at p. 5.

All twelve defendants objected to the 30(b)(6) depositions as noticed.   On March 20,

2012, Plaintiff's Counsel scheduled a conference call which he says: "resulted in an elliptical

discussion with defense counsel.   Essentially, the defendants' attorneys took the position that

unless plaintiff already knows what the defendants know about their products at decedent's

worksites, no defendant will produce a witness or document." *Id.* at p. 6.

Discovery was scheduled to close on March 27, 2012. On that date, Plaintiff filed her

motion to compel Rule 30(b)(6) deposition testimony from the following defendants: Buffalo

Pumps, Inc.; Crane Co.; Curtis Wright Corp.; Elliott Company; General Electric Co.; Honeywell

Int'l Inc.; IMO Industries Inc.; United Tech. Corp.; Viad Corp.; and Warren Pumps, LLC. *Id.* at

pp. 1-2.

Attached to Plaintiff's Motion to Compel 30(b)(6) deposition testimony, is a certification

by Marc I. Willick, Esq. In this certification, Mr. Willick makes the following representations:

"Defendants have not articulated a legitimate reason why they did not produce the
witnesses on the noticed dates, nor did they ever make any effort to provide alternative
dates."

"Plaintiff met and conferred with Defendants numerous times, in correspondence, and on
the telephone without progress. [ . . . ] Throughout the process, each defendant refused
my requests for an agreed future deposition date. On March 20, 2012, I had a conference
call with the defendants to further attempt to avoid this motion. The response of Sedwick
attorney Kate Gardiner, for General Electric, was characteristic of the response by all of the
defendants. She proclaimed that if I could not tell her exactly which GE products were
at decedent's worksites, GE did not have sufficient information to know which products
it manufactured, distributed or supplied for those sites."

*Declaration of Marc I. Willick in Support of Motion to Compel* [Docket #92] at pp. 10-11.

As of the date of the hearing on Plaintiff's motion to compel, Plaintiff had not resolved the

30(b)(6) deposition disputes with the following defendants: GE, Elliott Company, United

Technologies Corporation, and Goodyear Tire and Rubber Company. *See N.T. 5/23/12* at pp. 3-4.

In opposition to Plaintiff's motion to compel, and in support of their motions for a

protective order, the defendants take the position that Plaintiff failed to satisfy the meet and confer

obligations as set forth in Fed.R.Civ.Pro. 37(a)(1) and Local Rule 26.1(f). In addition, all

defendants except Elliott Company argue that there has been no product identification tying them

to the decedent's alleged asbestos exposure, and assert that they should not be compelled to appear

for a corporate deposition when none of defendant's products have been implicated.

Page **5** of **11**

Plaintiff responds that she "has noticed the [corporate representative] deposition[s] for a

proper purpose: to determine the asbestos-containing [defendant] products that were present at Mr.

Doucet's worksites to which he might have been exposed." *See Plaintiff's Opposition to*

*Goodyear's Motion to Quash And For Protective Order* [Docket #90] at p. 4. At oral argument,

Plaintiff's Counsel explained her position:

> "The reason why the defendants' good faith participation in discovery
> is so important in a wrongful death case is this type of circular reasoning.
> You don't have any evidence because we didn't produce it to you, therefore,
> we don't have to participate, therefore, we get summary judgment. The
> two things, our burden of proving a case and their obligation to participate
> in good faith in discovery can't be linked together in this way. [ . . . ]
> If plaintiff had to prove this case without participation of the defendants
> in discovery in a wrongful death asbestos case, it would be a much harder
> burden and I don't think that's what fair discovery envisions."

*N.T. 5/23/12* at pp. 26, 28.

Having reviewed the briefs and the declarations of counsel, and after holding a hearing on

the various motions, I find that Plaintiff's Counsel did not meet his obligation to meet and confer

prior to filing Plaintiff's motion to compel deposition testimony of Defendants GE, Elliott

Company, United Technologies Corporation, and Goodyear Tire and Rubber Company.

Each of these Defendants filed objections to the March 8, 2012 deposition notices. The

response to Defendant's objections was a blanket email from Plaintiff's Counsel which reads:

> "Respectfully, you are confused. You filed some sort of objection in violation of
> Fed.R.Civ.Pro. 12 upon the court's docket, which was served via ECF. The
> deposition was properly and timely noticed and will proceed unless and until
> the court holds otherwise."

*See Declaration of Attorney Johnson in Support of GE's Motion for Protective Order* [Docket

#74-1] at p. 72.

When these Defendants sent letters reiterating their objections and requesting a meet and

confer, Plaintiff's Counsel failed to respond to specific requests, instead sending another blanket

email to Counsel for these Defendants.   This second blanket email, sent on May 7, 2012 stated:

> "Dear Counsel: This letter is to respond to your various letters and objections
> about the 30(b)(6) depositions scheduled for tomorrow in the Doucet case.
> On February 23, 2012, plaintiff duly noticed each of your client's depositions on
> 14 days notice.
>> 1- Is any defendant appearing tomorrow for its deposition?
>> 2- For the defendants who now, on the eve of the deposition,
>> claim scheduling burden, please respond in writing with
>> dates certain that you and your defendant will commit to
>> appear for the defendant's deposition in this case pursuant
>> to the deposition notice.
>> 3- For each defendant who does not propose alternative dates
>> on which the defendant agrees to appear for its deposition
>> in this case, I will take your client's non-appearance tomorrow
>> and request that thereafter we have a telephonic or in person Rule 26
>> conference tomorrow to attempt to informally resolve your client's failure
>> to appear for its duly noticed deposition so that we may attempt to avoid
>> plaintiff's need to expend her and the Court's resources with law
>> and motion over this basic discovery.
> For the meet and confer conference I propose that we have a discussion in person
> at my office tomorrow, if you are appearing here, or over the conference line if you
> are attending by phone."

*Declaration of Attorney Johnson in Support of GE's Motion for Protective Order* [Docket #74-1]

at p. 74.   *See id.* at pp. 77-78[1]; *Declaration of Attorney Huynh in Support of Elliott Co.'s*

*Opposition to Plaintiff's Motion to Compel* [Docket #101] at pp. 39-40[2]; *Declaration of Attorney*

*Son in Support of United Technologies Corp.'s Opposition to Plaintiff's Motion to Compel*

---

1   March 6, 2012 letter addressed to Plaintiff's Counsel from Counsel for GE reiterating GE's objections to the March
8, 2012 corporate representative deposition notice and stating a willingness to meet and confer.
2   March 6, 2012 letter addressed to Plaintiff's Counsel from Counsel for Goodyear following up on unsuccessful
attempts to contact Counsel to meet and confer and restating Goodyear's objections to the March 8, 2012 deposition
notice.

[Docket #109] at p. 111[3]; and *Declaration of Attorney Stone in Support of Goodyear's Motion to Quash and For Protective Order* [Docket #70-1] at pp. 62-63.[4]

On March 20, 2012, Plaintiff's Counsel sent another blanket email, with approximately 2 hours notice to Counsel for Defendants, purporting to schedule a Rule 26 conference call later that afternoon. *See Declaration of Attorney Goldstein in Support of Honeywell International's Opposition to Plaintiff's Motion to Compel* [Docket #114-1] at pp. 34-35.

Blanket emails which fail to address each Defendant's specific objections do not qualify as reasonable attempts to meet and confer. Nor is a conference call, characterized as a "Rule 26 conference" and scheduled with two hours notice to Counsel for Defendants, a meaningful attempt to meet and confer. However, this failure alone does not warrant barring the 30(b)(6) depositions. With regard to Defendants GE, United Technologies Corporation, and Goodyear Tire and Rubber Company, there is a second issue – no product identification.

Discovery has closed and there is no evidence that the decedent worked on or around any asbestos-containing product of these Defendants. Plaintiff is not entitled to testimony of a corporate representative without some evidence to connect a particular product/products of Defendants to Mr. Doucet's alleged asbestos exposure. Noticing a 30(b)(6) deposition to obtain testimony from a defendant identifying all products it supplied, sold or distributed to various worksites where the decedent was present over an approximate thirty-five year period is not proper. *See* Fed.R.Civ.Pro. 30(b)(6) which requires a deposition notice to "describe with reasonable particularity the matters for examination." *See also Appleton-Hultz v. Amcord*, MDL 875, CA No. 09-64275, April 29, 2011 Order of the Honorable Thomas J. Rueter [Docket #167] at

---

3 March 8, 2012 letter addressed to Plaintiff's Counsel from Counsel for United Technologies Corporation repeating UTC's objections to the March 8, 2012 deposition notice, rejecting the mass email as a form of meet and confer, and offering to attend a Rule 26 conference provided Counsel was given more than a few hours notice.
4 March 6, 2012 letter addressed to Plaintiff's Counsel from Counsel for Goodyear purporting to "write to meet and confer with you, once again," and setting forth Goodyear's objections.

p. 1 (declining to require defendant to produce any witness or records where after ten months of discovery, plaintiffs had not produced sufficient evidence that the decedent worked on or was in close proximity to defendant's aircraft); and *Unzicker v. A.W. Chesterton*, MDL 875, CA No. 11-66288, May 31, 2012 Order of the Honorable David R. Strawbridge [Docket #182] at p. 13 (granting defendant's motion for protective order where 30(b)(6) deposition notice does not set forth the topics to be discussed with reasonable particularity as is required by the rule and is overbroad since it related to products about which there is no evidence of exposure to plaintiff).

This analysis does not include Defendant Elliott Company because this Defendant has acknowledged that there has been product identification.   *See N.T. 5/23/12* at p. 10 (where Elliott Company's Counsel stated: "So, the point is, there has been identification in this case, but it came well after plaintiff's deposition notice and certainly not at the time that plaintiff was seeking discovery.").   However, the March 8, 2012 deposition notice addressed to Elliott Company is overly broad, unduly burdensome, and not reasonably limited to products relevant to Mr. Doucet's work history.   Therefore, I have limited the scope and location of this deposition as set forth in the attached order.

BY THE COURT:

M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA
#### Robert N.C. Nix, Sr. Federal Building, Suite 211
#### 900 Market Street
#### Philadelphia, Pennsylvania 19107

**Chambers of**
**M. FAITH ANGELL**
*United States Magistrate Judge*

**Phone:** **(215) 597-6079**
**Fax:** **(215) 580-2165**

*CASE NO.   11-67223*

*DISTRICT COURT JUDGE: ER*

*TODAY'S DATE: June 13, 2012*

*LAW CLERK'S INITIALS: JJK*

*By E-mail To:*
Marc I. Willick, Esq.
Christopher R. Lopalo, Esq.
Paul J. Napoli, Esq.
Rebecca A. Cucu, Esq
W. Steven Berman, Esq.
Glen R. Powell, Esq.
James G. Scadden, Esq.
Deborah A. Smith, Esq.
Molly McKay, Esq.
Dean A. Olson, Esq.
Arabelle Aportadera-Torres, Esq.
Arezou Khonsari, Esq.
Elizabeth L. Huynh, Esq.
Derek S. Johnson, Esq.
Katherine P. Gardiner, Esq.
Elan N. Stone, Esq.
Aaron R. Goldstein, Esq.
David T. Biderman, Esq.
Lisa Rauch, Esq.
Henry D. Rome, Esq.
Maryam Danishwar, Esq.
Lesa M. Meyers, Esq.
Arpi Galfayan, Esq.
Carla L. Crochet, Esq.
Jeremy D. Milbrodt, Esq.
John K. Son, Esq.
Kevin D. Jamison, Esq.
Holly E. Acevedo, Esq.
Peter B. Langbord, Esq.
Meghan L. Phillips, Esq.
Michael J. Zukowski, Esq.

*Email Address:*
mwillick@napolibern.com
clopalo@napolibern.com
pnapoli@napolibern.com
rcucu@napolibern.com
wsberman@nkblaw.com
gpowell@gordonrees.com
jscadden@gordonrees.com
dasmith@gordonrees.com
mmckay@gordonrees.com
dolson@mpplaw.com
atorres@mpplaw.com
khonsari@lbbslaw.com
elhuynh@wfbm.com
djohnson@wfbm.com
kgardiner@wfbm.com
estone@lbbslaw.com
agoldstein@perkinscoie.com
dbiderman@perkinscoie.com
lrauch@hrmrlaw.com
hrome@hrmrlaw.com
mdanishwar@behblaw.com
lmeyers@mckennalong.com
agalfayan@prindlelaw.com
ccrochet@prindlelaw.com
jmilbrodt@prindlelaw.com
john.son@tuckerellis.com
kjamison@pondnorth.com
hacevedo@foleymansfield.com
plangbord@foleymansfield.com
meghan.phillips@morganlewis.com
michael.zukowski@klgates.com

Page **10** of **11**

John McShea, Esq.                          jmcshea@mcshealawfirm.com
Lane E. Brody, Esq.                        lane.brody@wilsonelser.com
Damian Jackson, Esq.                       djackson@rjm-law.com
John McMeekin, Esq.                        jmcmeekin@rawle.com
Edmund K John, Esq.                        ejohn@swartzcampbell.com
Eugene Hamill, Esq.                        ehamill@lavin-law.com
E. Michael Keating, Esq.                   mkeating@hollsteinkeating.com
Robert W. Rowan, Esq.                      rrowan@kjmsh.com
Catherine N. Jasons, Esq.                  cjasons@kjmsh.com
Kenneth J. Powell, Jr., Esq.               kpowell@mooclaw.com
David Paul, Esq.                           dpaul@leaderberkon.com