IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | : | Consolidated Under |
| LIABILITY LITIGATION (No. IV) | : | MDL DOCKET NO. 875 |
| _____ | : | |
| SUNSOON DOUCET | : | E.D. PA Civil Action No. |
| | : | 11-cv-67223 |
| v. | : | |
| | : | Transferor Court: |
| ASBESTOS CORPORATION LTD, et al. | : | CA-C 11-05845 |

**O R D E R**

AND NOW, this 13th day of June, 2012, after holding a hearing on various pending discovery motions and for the reasons stated in the attached memorandum, it is hereby

**ORDERED** that:

(1) Plaintiff's Motion to Compel Deposition Testimony addressed to Honeywell International, Inc., IMO Industries, Inc., Viad Corp and Warren Pumps, LLC. [Docket #92] is **WITHDRAWN, at Plaintiff's request, as to these defendants only.**

(2) Plaintiff's Motion to Compel 30(b)(6) Deposition Testimony from Elliott Company [Docket #92] is **GRANTED.** A deposition of a 30(b)(6) witness for Elliott must be noticed (with at least 14 days advance notice) and completed by July 30, 2012. The deposition is to take place at Elliott's principle place of business in Pennsylvania and is limited to the person most qualified to testify on Elliott Company's behalf as to its supply, sale or distribution of any asbestos-containing products to the USS Charleston while it was at the Massachusetts Maritime Academy from 1951 to 1955.
By July 30, 2012, Elliott must also produce the person most qualified to testify on Elliott Company's behalf as to issues of liability, prior notice and awareness of the health hazards from asbestos exposure, investigation and warnings. In the alternative, Elliott may, as requested by Plaintiff's Counsel, choose to produce prior transcripts of Ross Hackle and Thomas Keenan who have testified as the persons most knowledgeable on these subjects in the past. The deadline for completing this limited additional discovery is extended to July 30, 2012.

(3) Plaintiff's Motion to Compel 30(b)(6) Deposition Testimony from United Technologies Corp. [Docket #92] is **DENIED.**

**(4)** The Motion to Quash Plaintiff's Notice of Taking Deposition and Motion for Protective Order filed by Goodyear Tire and Rubber Company [Docket #70] is **GRANTED.**

**(5)** The Motion to Quash Plaintiff's Notice of Taking Deposition and Motion for Protective Order filed by General Electric Company [Docket #74] is **GRANTED.**

**(6)** Plaintiff's Motion to Compel 30(b)(6) Deposition Testimony from General Electric Co. [Docket #92] is **DENIED.**

**(7)** Plaintiff's Motion to Compel 30(b)(6) Deposition Testimony from United Technologies Corp. [Docket #92] is **DENIED.**

**(8)** In the interest in moving this case forward, and in light of the October 29, 2012 final pre-remand date set by the Honorable Eduardo C. Robreno, objections to this Order must be filed within five (5) days of the date of this Order.   Any responses to the objections must be filed within five (5) days of the filing of the objections.

BY THE COURT:


S/M. FAITH ANGELL_____
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE